IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PHILIP IRELAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 6:24-cv-00576-ADA-JCM |
| | § | |
| COUNTY OF FREESTONE, et al, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Judge Patrick Simmons's Emergency Opposed Motion for Remand (ECF No. 3). For the reasons discussed below, the undersigned **RECOMMENDS** that Defendant Judge Simmons's Motion to Remand be **GRANTED.**

### I.   BACKGROUND

*Pro se* Plaintiff Philip Ireland sued Defendants Judge Patrick Simmons and Daniel M. Ralstin on July 10, 2024, in the 87th Judicial District Court of Freestone County, Texas. *See* Def.'s Mot. to Remand (ECF No. 3), Ex. A, at 1. Plaintiff alleges that Defendants conspired to, and ultimately did, deprive him of his constitutional rights with respect to the sale of his homestead on June 4, 2024. *Id.* at 3.

1

Plaintiff removed this case to federal court on November 4, 2024. *See generally* Pl.'s Notice of Removal (ECF No. 1). Plaintiff alleges that this Court has subject matter jurisdiction because his state court petition contains a federal question. *Id.* at 1. Plaintiff further alleges that removal is proper under 28 U.S.C. § 1441. *Id.*

## II.     LEGAL STANDARD

Plaintiffs may file a motion to remand under 28 U.S.C. § 1447(c) if they believe that removal to federal court was improper. Plaintiffs can seek remand for lack of subject matter jurisdiction, a procedural defect in removal, or both. *See Baris v. Sulpico Lines, Inc.*, 932 F.2d 1540, 1543 (5th Cir. 1991). Plaintiffs can move to remand for lack of subject matter jurisdiction at any time. *See id.* at 1543–44.

The party seeking removal bears the burden of proving that removal was proper. *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485 (5th Cir. 2020). Defendants can generally remove any state court civil action for which the federal district courts have original jurisdiction. 28 U.S.C. § 1441. To remove a state court civil action, defendants must file a notice of removal in the federal district and division where the state court action is proceeding. 28 U.S.C. § 1446. The notice of removal must include a short and plain statement of the grounds for removal along with copies of all processes, pleadings, and orders served upon the defendants. *Id.*

Defendants generally must remove state court civil actions within thirty days of receipt of service of the initial pleading. *Id.* If the face of the initial pleading does not indicate that defendants can remove the case—but a subsequently amended petition, motion, order, or other paper allows defendants to ascertain that the case is removable—defendants can remove within thirty days from service of that amended petition, motion, order, or other paper. *Id.* In any event, all properly joined and served defendants must join or consent to removal. *Id.*

Several procedural removal requirements are unique for diversity of citizenship cases. For diversity of citizenship cases, the plaintiff's good faith demand controls the amount in controversy. *Id.* Defendants may not remove a state court action solely based on diversity of citizenship more than one year after the plaintiff has commenced the state court action unless the district court finds that the plaintiff acted in bad faith to prevent removal. *Id.* If diversity of citizenship is the defendants' sole basis for removing a state court action, the defendants may not properly remove the action if any properly joined and served defendant is a citizen of the forum state. 28 U.S.C. § 1441.

### III.    ANALYSIS

Judge Simmons filed a motion to remand arguing that (1) as a plaintiff, Ireland cannot remove this case to federal court, (2) removal is untimely, (3) the defendants have not unanimously consented to removal, and (4) this Court lacks subject matter jurisdiction over this case. Def.'s Mot. to Remand at 1–5. The Court need only address Judge Simmons's first argument as it is dispositive of the issue before the Court. *See Cooper v. City of Plano*, 260 F. App'x 680, 680 (5th Cir. 2007) (per curiam) (affirming the district court's remand order because a plaintiff may not remove an action from state court to federal district court).

Neither 28 U.S.C. § 1441 nor 42 U.S.C. § 1443 authorize removal of a case to federal court by a plaintiff. *Cooper*, 260 F. App'x at 680. Section 1446(a) authorizes removal only by defendants. *Chi., Rock Island & Peoria R.R. Co. v. Stude*, 346 U.S. 574, 580 (1954). A plaintiff may not remove a case to federal court, even when he is in a position of a defendant with regard to counterclaims asserted against him. *Home Depot U.S.A., Inc., v. Jackson*, 587 U.S. 435, 446 (2019). "[T]he plaintiff, having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only on a defendant who has not

submitted himself to the jurisdiction." *Shamrock Oil & Gas Corp., v. Sheets*, 313 U.S. 100, 108 (1941). Thus, Plaintiff's removal is improper, and this case should be remanded to the 87th District Court in Freestone County, Texas.

## IV. CONCLUSION

After thoroughly reviewing the record, the undersigned **RECOMMENDS** that Judge Patrick Simmons's Motion to Remand (ECF No. 3) be **GRANTED**. Therefore, the undersigned **RECOMMENDS** that this cause be **REMANDED** to the 87th Judicial District Court in Freestone County, Texas.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150-53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 18th day of November 2024.**

**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**